449 So.2d 524 (1984)
STATE of Louisiana
v.
Gary L. SPELL.
No. 83 KA 0927.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 3, 1984.
*525 Margaret A. Coon, Asst. Dist. Atty., Covington, for appellee.
David R. Katner, Lawrence A. Arcell, New Orleans, for appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The pivotal issue presented is whether or not proceedings at which the amount of restitution for a felony victim is determined must be recorded, thus affording an evidentiary basis for review of excessiveness.
The facts are as follows. Defendant, Gary Spell, was charged by bill of information with having committed an aggravated battery on July 19, 1980. Defendant pled not guilty and after a jury trial, was found guilty as charged. On October 19, 1982, he was ordered to pay a fine of $2,500 and was sentenced to six years at hard labor. The sentence was suspended and defendant was placed on probation for five years, subject to the following conditions:
(1) defendant pay the fine within 18 months from the sentencing date;
(2) defendant serve one year in the parish jail;
(3) defendant make reasonable reparation and restitution to the victim in an amount to be determined by the court at a later date.
Approximately six months later, on April 5, 1983, the court held a hearing in which it suspended the remainder of the jail sentence and ordered defendant released from jail. The court further ordered defendant to make "reparation and restitution to the victim in the amount of $1,000 per month, said amount to be paid throughout his probationary period." The payments were to begin on July 1, 1983.[1] This hearing was not recorded.
Defendant filed an appeal and sometime thereafter filed a "Motion to Amend and/or to Correct Sentence" and an alternative "Motion to Stay Order Pending the Appeal of this Matter." At a hearing on July 6, 1983, defendant argued the sum he had been ordered to pay amounted to $60,000 and was therefore excessive. The court noted defendant's salary ranged from $2,500 to $4,000 a month when he worked as a seaman and that judgment had been confessed in a civil suit filed by the victim against the defendant in the sum of $225,000.[2] No other factors were mentioned. The court denied both motions.
On appeal, defendant raises two assignments of error. First, he contends the court erred in failing to record and transcribe the April 5th hearing in which the court set the amount of restitution. Second, he contends the amount fixed is excessive.
Defendant cites Code of Criminal Procedure article 843 in support of his first argument. The article reads as follows:

*526 "In felony cases, and on motion of the court, the state, or the defendant in misdemeanor cases tried in a district, parish, or city court, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel."
The comments to the article make it clear that in felony cases all proceedings must be recorded and that the list in the article is only illustrative. In a felony case the recording is done automatically, i.e., the defendant need not make a motion to this effect.
Code of Criminal Procedure article 895.1 and 895, subd. A(7) grant the court authority to order restitution as a condition to probation. Art. 895.1 allows the victim to be compensated for his "loss and inconvenience." In the present case the lack of a record of the April 5th hearing is crucial. We cannot determine fairly whether $60,000 is a reasonable or excessive sum without knowing more facts about the victim's injury and his residual circumstances. These facts are necessary in order for us to determine the victim's loss and inconvenience. Necessarily relevant is defendant's ability to pay the sum ordered.
Somewhat similar circumstances were presented in State v. Sandifer, 359 So.2d 990 (La.1978). Defendant was convicted of forgery (on a credit sale) and as a condition of her probation was ordered to pay a certain sum to the merchant involved. The sum far exceeded the value of the merchandise she fraudulently acquired. Defendant appealed her conviction and sentence and argued particularly that the court erred in ordering her to pay a sum greater than the value of the merchandise. In considering this argument the Supreme Court noted the trial court had not given reasons for imposing a higher figure. The Supreme Court affirmed the conviction and sentence but vacated that condition of the probation and instructed the trial court to hold a hearing on the matter.
This would be an appropriate remedy in the present case also. We therefore vacate the condition of the probation which required defendant to pay $1,000 a month in restitution. The trial court shall hold a hearing on the matter, allowing both sides to make arguments and present evidence showing the appropriate amount of restitution. After considering and articulating all factors, the court shall determine the appropriate sum to compensate the victim for his loss and inconvenience. (This proceeding will be recorded in compliance with Code Crim.P. art. 843.) If after this hearing the defendant still feels the sum is excessive he will have the right to appeal. In all other respects the sentence is affirmed.
SENTENCE AFFIRMED; CONDITION OF PROBATION VACATED; CASE REMANDED.
NOTES
[1] The minutes of the April 5 hearing stated that the previous sentence was being "amended." On June 27, 1983 the court corrected this entry, because the sentence was not in fact "amended" at all; rather, the conditions of the probation were modified. The June 27 entry is identical in substance to the April 5th entry.
[2] The civil suit had been pending before the same court. The defendant confessed judgment explaining he had no assets other than his nongarnishable seaman's wages.