558 So.2d 255 (1990)
STATE of Louisiana
v.
Fred D. SCHMIDT.
No. 89-KA-638.
Court of Appeal of Louisiana, Fifth Circuit.
February 16, 1990.
Martha E. Sassone, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for appellant, Fred D. Schmidt.
John M. Mamoulides, Dist. Atty., Denis Ganucheau, and Dorothy A. Pendergast, Asst. Dist. Attys., Louise Korns, of counsel, Gretna, for appellee, State.
Before CHEHARDY, C.J., and GAUDIN and GOTHARD, JJ.
CHEHARDY, Chief Judge.
On October 6, 1988, Fred D. Schmidt was charged by grand jury indictment with vehicular homicide (LSA-R.S. 14:32.1). The indictment charged that the defendant killed Mark W. Anger while operating a motor vehicle under the influence of alcohol.[1] On February 24, 1989, Schmidt withdrew his original plea of not guilty and tendered a plea of guilty.
After conducting a Boykin colloquy with Schmidt and his appointed counsel, the trial court accepted the guilty plea. At the sentencing hearing, the court sentenced Schmidt to serve five years in the parish prison. The sentence was suspended and the defendant was placed on active probation for 60 months, subject to the following special conditions requiring him:
(1) to pay a $3,000 fine, plus court costs totaling $225;
(2) to serve 365 days in the parish prison;

*256 (3) to pay $35 per month for probation supervision;
(4) to refrain from alcohol and drugs during the entire probationary period; to enroll in the parish substance abuse clinic, the parish mental health center, and Alcoholics Anonymous; and to undergo monthly tests for alcohol and drug use;
(5) to perform 250 hours of community service work over a 25-month period following his release from the parish prison;
(6) to pay restitution to the victim's family in the amount of $25,000, subject to a credit of $10,000 for proceeds paid by his insurance carrier, with the remaining $15,000 in the form of a civil judgment against him; and
(7) to maintain employment after his release from jail.
The defendant has appealed on the ground that his sentence is excessive.

FACTS
Because there was no trial in the case, the facts set out below are derived from statements made during the Boykin colloquy and from comments made at the subsequent sentencing hearing.
The defendant, Fred Schmidt, and the victim, Mark Anger, were close friends. They spent the evening of April 30, 1988, drinking together in New Orleans. Schmidt stated he "only had about five or six beers" but his friend was "pretty intoxicated." Schmidt put Anger in the car and put the seat belt on him. Anger told Schmidt he was going to sleep and asked Schmidt to awaken him when they reached Schmidt's home. As Schmidt was driving along Loyola Avenue in Kenner, he dozed off and the car collided with a tree. Anger was killed in the collision and Schmidt was seriously injured. A blood test administered to Schmidt established that his blood alcohol content was .14, constituting legal intoxication. Schmidt was 22 years old at the time of the accident and had a prior conviction for disturbing the peace.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant contends the trial court erred in sentencing him to an illegal excessive sentence. The part of the sentence challenged is the imposition of the $25,000 restitution payment to the victim's family. Schmidt contends the court-ordered restitution is excessive and should be set aside.
In imposing the $25,000 restitution payment as a condition of probation, the district judge gave the defendant credit for a $10,000 payment previously made to the victim's parents by the defendant's insurance carrier and ordered that the remaining $15,000 be reduced to a civil judgment against the defendant in favor of the victim's parents.
The Louisiana Constitution, Article 1, Section 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may be excessive. State v. Sweeney, 443 So.2d 522 (La.1983). A sentence is considered unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982).
The district court sentenced the defendant to serve a prison term of five years in the Jefferson Parish Correctional Center, which term is within the sentencing limits for vehicular homicide as set forth in R.S. 14:32.1(B). That portion of the statute provides: "Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than fifteen years."
The court suspended the prison sentence and placed the defendant on active probation for a period of 60 months, subject to the conditions previously described. In dealing with conditions of probation and, more particularly, with payment of restitution as a condition of probation, LSA-C. Cr.P. art. 895 states, in pertinent part:

*257 "A. When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
* * * * * *
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court; * * *."
The provisions of LSA-C.Cr.P. art. 895.1 set forth the specific elements to be included in a restitution payment ordered by the trial court:
"A. When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any monetary loss or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim. * * *
"B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all or the following:
* * * * * *
"(5) To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein."
The trial judge has wide discretion in imposing any specific probationary condition reasonably related to a defendant's rehabilitation. State v. Labure, 427 So.2d 855 (La.1983). A sentence should not be set aside as excessive, absent a manifest abuse of discretion. State v. Spell, 449 So.2d 524 (La.App. 1 Cir.1984).
When the court places a defendant on probation, the court may require as a condition of that probation the defendant's payment in restitution of any monetary loss or medical expenses incurred by the victim or his family. C.Cr.P. art. 895.1. The court has discretion to order further restitution for the victim's inconvenience. C.Cr.P. art. 895.1. The jurisprudence has established that restitution is not limited to only those actual pecuniary losses sustained by the victim or his family. State v. Elkins, 489 So.2d 232 (La.1986); State v. Alleman, 439 So.2d 418 (La.1983); State v. Olsen, 496 So.2d 1260 (La.App. 1 Cir.1986).
C.Cr.P. art. 895(A)(7) provides that the restitution shall be "in an amount to be determined by the court." The record in this case contains no specific evidence establishing the damages and losses sustained by the victim's parents. At the commencement of the sentencing hearing, defense counsel advised the court that the defendant's insurance carrier had previously paid the $10,000 limits of its policy to the victim's father. The question is whether the trial court was presented with any evidence upon which it could reasonably determine the appropriate amount of restitution.
Faced with similar circumstances in State v. Boudreaux, 484 So.2d 160 (La. App. 5 Cir.1986), this court set aside the restitution imposed as a probationary condition and remanded the matter for an evidentiary hearing on the restitution issue. See also, State v. Spell, supra, and State v. Rogers, 517 So.2d 428 (La.App. 1 Cir.1987).
Here, however, an evidentiary hearing is not needed. The death of the victim is, of itself, sufficient basis for the award of $25,000. Accordingly, we affirm the restitution as ordered by the district court.

ASSIGNMENT OF ERROR NO. 2
The defendant also assigns as error "any and all errors patent on the face of the record."
LSA-C.Cr.P. art. 920 provides,
"The following matters and no others shall be considered on appeal:
"(1) An error designated in the assignment of errors; and
*258 "(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
We have inspected the portions of the record that must be examined in an patent-error review, as discussed in State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. McGee, 527 So.2d 486 (La.App. 5 Cir. 1988). In addition, we have reviewed the Boykin colloquy and documents, as required in a case where a defendant has pleaded guilty, to determine whether the defendant's rights were knowingly and voluntarily waived. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Godejohn, 425 So.2d 750 (La.1983). We find no patent error either on the face of the record or in the Boykin proceedings.
The probationary conditions imposed by the trial judge are subject to error-patent review as part of the court's sentence. State v. Toups, 499 So.2d 1149 (La.App. 5 Cir.1986), writ denied, 501 So.2d 772 (La.1987). The issues pertaining to the restitution imposed by the trial court were discussed pursuant to Assignment of Error No. 1. The remaining probationary conditions imposed by the court have been reviewed to ensure compliance with LSA-C. Cr.P. arts. 895 and 895.1. No patent error exists with respect to those conditions of probation.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[1] R.S. 14:32.1 states, in pertinent part:

"A. Vehicular homicide is the killing of a human being caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle * * * or other means of conveyance whether or not the offender had the intent to cause death or great bodily harm whenever any of the following conditions exist:
* * * * * *
"(2) The offender's blood alcohol concentration is 0.10 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood."