GAUDIN, Judge.
This is an appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
Kelly Hollis complains because (1) the trial judge did not grant his motion to suppress evidence and (2) an illegal fine and probation fee were imposed. He states that he is and was indigent.
For the following reasons, we affirm the trial judge’s denial of Hollis’ motion to suppress the narcotic evidence and reverse that part of the sentence requiring the payment of a fine and fee as special conditions of probation.
Hollis was passed out on a public sidewalk at 5:25 a.m. when first observed by police officer Joseph Sammartino. After being awakened, Hollis was incoherent, unable to stand up straight and there was alcohol on his breath. Under these circumstances, the officer had the right — rather, a duty — to arrest Hollis and, for his own protection, to conduct a search incident to the arrest. Further, the search or “pat down” was authorized by LSA-C.Cr.P. art. 215.1, which reads:
“A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
“When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
“If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.”
See also State v. Darby, 550 So.2d 963 (La.App. 5 Cir.1989), which approved an early-morning search of two men found in the doorway of a closed drugstore.
Hollis was placed on active probation for 18 months subject to several itemized special conditions, including the payment of a $200.00 fine to help support the Indigent Defender Board and a monthly $20.00 probation fee. The state concedes that these *404 special conditions were improper; therefore, they are stricken.
AFFIRMED IN PART, REVERSED IN PART.