601 So.2d 374 (1992)
STATE of Louisiana
v.
Cathy DUNCAN and Rhett Duncan.
No. 92-KA-160.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 1992.
Writ Denied October 2, 1992.
*375 John M. Mamoulides, Dist. Atty., Gaynell Williams, Asst. Dist. Atty., Parish of Jefferson, Gretna, for plaintiff-appellee.
John D. Rawls, Indigent Defender Bd., 24th Judicial Dist., Gretna, for defendants-appellants.
Before GAUDIN, GRISBAUM and CANNELLA, JJ.
GAUDIN, Judge.
Cathy and Rhett Duncan, husband and wife, were arrested while trying to shoplift a telephone from a Sears store. They were subsequently convicted of attempted theft of goods valued at less than $100.00 by a jury in the 24th Judicial District Court.
Cathy Duncan was sentenced to six months in parish prison, suspended, and placed on active probation for one year. As conditions of probation, she was ordered by the trial judge to pay a $200.00 fine plus court costs.
Rhett Duncan was sentenced to six months in parish prison, suspended except for 30 days, and placed on active probation for one year following his incarceration. He was given credit for time served by the trial judge.
On appeal, Cathy Duncan assigns these errors:
(1) it was illegal to assess fines and costs as special conditions of probation, and
(2) the district judge should not have deferred to the probation department on the setting of sentencing conditions.
Rhett Duncan assigns as error the fact that he was given time in parish prison while his wife was not. This, he argues, was and is gender discrimination.
Both Duncans ask this Court to correct conflicts between the sentences as orally imposed in open court and the commitment forms.
For the following reasons, we order several amendments to the Duncans' commitment forms.

CATHY DUNCAN
We shall first consider Cathy Duncan's assignments of error. If she fails, for whatever reason, to pay the fine and costs, she will not be imprisoned. The imposition of fines and costs on indigents (both Duncans were represented by an indigent defender attorney) is not unconstitutional so long as time in jail is not ordered in event of default. See State v. Johnson, 592 So.2d 818 (La.App. 5 Cir.1991).
In passing sentence, the trial judge said:
"Okay, the court is going to sentence Cathy Duncan to six months in Parish *376 Prison. I'm going to suspend the sentence and place you on one year active probation. Conditions of probation are that you pay a $200.00 fine plus court costs, and that these be worked out with the probation department, the manner and when that's to be paid. The reason I okayed another fee, they will work it out."
The overall wording is not precise but it is clear that Cathy Duncan was ordered to pay a $200.00 fine plus court costs. We don't know which other fee was "okayed" by the trial judge; accordingly, Cathy Duncan must pay only the $200.00 fine plus court costs.

RHETT DUNCAN
The appellant's contention that he was the victim of gender discrimination is without support. Louisiana law does not require two or more defendants to be sentenced equally. See State v. Jessie, 429 So.2d 859 (La.1983); State v. Rogers, 405 So.2d 829 (La.1981); and State v. Young, 556 So.2d 1321 (La.App. 3 Cir.1990).
The Duncans have two small children and perhaps the trial judge was unwilling to deprive the children of both parents. In any event, Rhett Duncan cannot benefit from sentencing consideration given to his wife. The trial judge did not state reasons other than saying to Rhett Duncan that he was "... in need of some short sentence ... to show you that this is a serious matter."
Rhett Duncan's commitment form does not say that he is to be given credit for time served. This is inadvertent. It is clear from the transcript that he should be given credit for time served; the commitment form should be amended accordingly.

ERRORS PATENT
The Duncans were convicted of attempted theft of goods valued at less than $100.00, LSA-R.S. 14:67.10(B)(3). The maximum penalty for violation of R.S. 14:67.10(B)(3) is six months in parish prison; the penalty for an attempt is one-half of six months, or three months, in accord with LSA-R.S. 14:27(D)(3). It was error, therefore, to sentence each Duncan to six months.
For these reasons, Cathy Duncan's commitment form should be amended whereby she is sentenced to three months in parish prison, suspended, and required to pay a fine of $200.00 plus court costs. The trial judge will have to decide which of the itemized fees on the commitment form are court costs; we are unable to make this determination.
Rhett Duncan's commitment form should be amended whereby he is sentenced to three months in parish prison and he is to be given credit for time served.
For both appellants, the period of active probation (one year) is to remain unchanged.
REVERSED IN PART.