860 So.2d 191 (2003)
STATE of Louisiana
v.
Deskameko DEVARE.
No. 03-KA-610.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2003.
*192 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, LaPlace, LA, for the State of Louisiana, Plaintiff-Appellee.
Margaret S. Sollars, Thibodaux, LA, for Deskameko Devare, Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
The District Attorney for the Parish of St. John the Baptist filed a bill of information on December 10, 2001, charging the defendant, Deskameko Devare, with theft of $500 or more from Ace Hardware, a violation of LSA-R.S. 14:67. The defendant pled not guilty at arraignment.
On August 19, 2002, the defendant withdrew her not guilty plea and admitted that, while she was employed at Ace Hardware in LaPlace, she stole $12,005.44 through fraudulent transactions over a period of eight months. After being advised of her rights, she pled guilty as charged pursuant to LSA-C.Cr.P. art. 893. The trial judge sentenced the defendant to three years of imprisonment at hard labor, but suspended the sentence and placed the defendant on three years of active probation. As conditions of probation, the court ordered the defendant to pay a fine of $500, reimbursement to the Indigent Defender Board in the amount of $250, probation fees of $55 per month, $200.50 in court costs, and restitution in the amount of $12,005.44, subject to credit for payments that she had already made. The court set the defendant's payments at $350 per month, payable over three years. Immediately thereafter, the prosecutor stated that the victim's insurance company had paid $11,804.25 to the victim and was seeking *193 reimbursement.[1] The court then ordered the defendant to reimburse the victim's insurance company in the foregoing amount and pay the balance of the restitution to the victim.
On September 10, 2002, the defendant filed a motion to modify the conditions of her probation. The motion asserted that the $350 monthly payments were too onerous and that the defendant's sentence was illegal because the insurance company was not the proper party to whom restitution should be made.
At a hearing on February 5, 2003, the trial judge partially granted the motion, finding merit in the defendant's position that the insurance company could not receive restitution. The court imposed the same sentence, but ordered that the $12,005.44 in restitution be paid directly to the victim, "Kenneth Fisher of Ace Hardware." The defendant objected to the sentence.
On February 13, 2003, the defendant filed a motion to further modify the conditions of probation on the basis that the restitution condition should be deleted from the sentence because the victim had been reimbursed by the insurance company. The defendant also re-urged that the $350 monthly payments were excessive. At a hearing on March 12, 2003, the trial judge denied the defendant's motion. On March 14, 2003, the defendant filed a motion for appeal, which was granted by the trial court.

DISCUSSION
On appeal, the defendant argues that the trial court erred by imposing an illegal sentence that was unduly oppressive and doomed her to fail. The defendant argues that her sentence is excessive and illegal, because the trial judge ordered her to pay restitution even though the victim had been reimbursed by his insurance company.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Williams, 98-1146 (La.App. 5 Cir.6/1/99), 738 So.2d 640, 655, writ denied, 99-1984 (La.1/7/00), 752 So.2d 176. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir.8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
When a court places a defendant on probation, it may impose any specific condition of probation that is reasonably related to rehabilitation, including a requirement that the defendant make "reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court." LSA-C.Cr.P. art. 895(A)(7). LSA-C.Cr.P. art. 895.1 provides in pertinent part:
A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or *194 medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
(Emphasis added.)
LSA-C.Cr.P. art. 895.1 further provides that, when the court suspends the imposition or execution of sentence and places the defendant on probation, the court has the discretion to order, as a condition of probation, that the defendant pay an additional amount to compensate the victim for his loss and inconvenience, and this amount "may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein." LSA-C.Cr.P. art. 895.1(B)(5).[2] The Louisiana Supreme Court has stated that the primary focus of restitution pursuant to LSA-C.Cr.P. art. 895.1 is restitution for "pecuniary losses caused by the criminal activity and not on providing criminal sanctions to enforce collection of civil damages." State v. Diaz, 615 So.2d 1336, 1337 (La.1993) (per curiam).
The thrust of the defendant's argument is that restitution is an illegal condition of probation because the victim has been compensated for the stolen money. In State in the Interest of R.L.K, 95-1277 (La.App. 1 Cir.12/19/95), 666 So.2d 427, writ denied, 95-3120 (La.1/26/96), 666 So.2d 1084, the delinquent child asserted that his disposition was improper for a number of reasons, including that the trial court had failed to consider the possibility that the victim had been reimbursed by insurance or by a restitution order against the co-perpetrator and failed to consider the child's ability to pay the amount of restitution. The appellate court agreed with the child that the disposition was improper, vacated the disposition and remanded for the trial court to impose a new disposition. Although the disposition was vacated for reasons other than restitution, the appellate court instructed the trial court to determine the restitution amount at the new disposition hearing, "after first considering whether or not the victim otherwise has been compensated for the loss and considering the child's ability to pay any amount ordered." Id. at 432-433.
The defendant cites State v. Dauzat, 590 So.2d 768 (La.App. 3 Cir.1991), writ denied, 598 So.2d 355 (La.1992) and State v. Schmidt, 558 So.2d 255 (La.App. 5 Cir. 1990) in support of her position. Although these cases are not exactly on point, they do provide some guidance. In State v. Dauzat, the trial court ordered the defendant, who was found guilty of theft over $500, to pay restitution minus payments made by the victim's insurance company. Because the trial court failed to specify the actual dollar amount of restitution, the Dauzat court vacated the sentence and remanded for resentencing for the trial judge to "determine the amount of money taken by the defendant which was not covered by insurance." State v. Dauzat, supra at 775. In State v. Schmidt, supra, this Court affirmed the defendant's sentence *195 where the court ordered the defendant, who pled guilty to vehicular homicide, to pay $25,000 in restitution to the victim's family, subject to a $10,000 credit for proceeds paid by the defendant's insurance company.
In the present case, the defendant asserts that the victim will receive double recovery if the restitution order is not vacated. The record reflects that the victim's insurance company reimbursed him in the amount of $10,804.25. The record further shows that the victim executed a release in favor of the insurance company in this amount and that the insurance company has asserted its rights of subrogation. Therefore, it appears that the victim will not receive double recovery, because the ultimate recipient of the restitution ordered by the court would be the insurance company, not the victim. However, because the caselaw and LSA-C.Cr.P. art. 895.1 indicate that restitution may be ordered only to compensate the victim, not the victim's insurance company, we find that the trial judge should have credited the restitution order by the amount that the victim's insurance company reimbursed the victim. Accordingly, we vacate the restitution order, and we remand the matter for the trial court to hold a hearing to determine the appropriate amount of restitution owed by the defendant to the victim. We further order the trial court to set a reasonable and determinate monthly payment schedule for the restitution payments, after determining the proper amount of restitution to be paid by the defendant to the victim.
The defendant further contends that her sentence is illegal because it provides that she will have to serve prison time if she fails to pay the restitution. Specifically, the defendant asserts that she cannot be imprisoned if she defaults on her monetary obligations since she is indigent. The defendant urges this Court to delete the portion of her sentence that imposes a term of imprisonment in default of paying restitution.
An indigent person may not be incarcerated merely because he is unable to pay a fine that is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991). However, the imposition of fines and costs on an indigent is not unconstitutional so long as time in jail is not ordered in event of default. State v. Duncan, 601 So.2d 374, 375 (La.App. 5 Cir.1992), writ denied, 604 So.2d 1317 (La.1992); State v. Johnson, 592 So.2d 818, 820 (La.App. 5 Cir.1991).
The record reflects that the defendant was represented at trial by the Indigent Defender Board and on appeal by the Louisiana Appellate Project. In State v. Cox, 02-0333 (La.App. 5 Cir.9/30/02), 829 So.2d 521, 524, this Court concluded that the defendant was indigent when represented by the Indigent Defender Board and the Louisiana Appellate Project. Thus, in the instant case, it is clear that the defendant is indigent. However, the record does not reflect that the defendant was sentenced to jail time upon default of payment. The minute entry of re-sentencing dated February 5, 2003 provides that the defendant's three-year sentence at hard labor was suspended and subject to conditions, but does not state that the defendant should be imprisoned in the event of default of payment. Therefore, the sentence is not in violation of the rule that an indigent should not be imprisoned for nonpayment of costs. We note that if the defendant fails to pay the restitution, court costs or fines, collection may be enforced as a money judgment in a civil case pursuant to LSA-C.Cr.P. art. 886. See State v. Monson, supra; State v. Johnson, supra at 820.
*196 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review revealed that there are no patent errors in this case.

DECREE
For the reasons set forth above, we vacate the restitution order and remand the matter to the trial court for a hearing to determine the appropriate amount of restitution owed by the defendant to the victim. We further order the trial court to set a reasonable and determinate monthly payment schedule, after determining the correct amount of restitution.
REVERSED AND REMANDED.
NOTES
[1] The record contains the release executed by the victim in favor of the insurance company, which reflects that the victim was paid $10,804.25.
[2] See also, LSA-C.Cr.P. art. 883.2, which requires the court to order the defendant to pay restitution as part of the sentence when the court finds the victim suffered an actual pecuniary loss or when costs have been incurred by the victim in connection with a criminal prosecution.