NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1541

STATE OF LOUISIANA

VERSUS

RUDOLPH HAMILTON

************

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 16218 - DIV. B
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

************

OSWALD A. DECUIR
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

CONVICTION AFFIRMED. SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.

Hon. Van Hardin Kyzar
District Attorney
Tenth Judicial District Court
P.O. Box 838
Natchitoches, LA 71458-0838
(318) 357-2214
COUNSEL FOR APPELLEE:
        State of Louisiana

**Edward John Marquet**
**Louisiana Appellate Project**
**P.O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**

**Mark Owen Foster**
**Louisiana Appellate Project**
**1214 Ridge Vista Court**
**Lawrenceville, GA 30043**
**(318) 572-5693**
**COUNSEL FOR APPELLANT:**
            **Rudolph Hamilton**

**Rudolph Hamilton**
**N.P.D.C. B-4**
**299 Edwina Drive**
**Natchitoches, LA 71457**

**Decuir, Judge.**

A Natchitoches Parish grand jury indicted Defendant, Rudolph Hamilton, for one count of second degree murder, a violation of La.R.S. 14:30.1, and two counts of attempted second degree murder, violations of La.R.S. 14:27 and La.R.S. 14:30.1. After the appointment of a sanity commission, and the district court's determination that Defendant was able to assist counsel in these proceedings, Defendant entered a guilty plea to the reduced charge of manslaughter. As part of the plea agreement, Defendant received a sentencing cap of fifteen years, the two counts of attempted murder were dismissed, and the State agreed not to bill him as a habitual offender. The district court sentenced Defendant to fifteen years at hard labor.

Defendant now appeals his conviction and sentence. His counsel seeks to withdraw under the *Anders* rationale, arguing the record supports no non-frivolous grounds for appeal.

## FACTS

Defendant quarreled with another man about money and drugs. Defendant secured his shotgun and chased the other man, who escaped by running behind Defendant's house. Since he thought the other man had run to another house across the street, Defendant went there, knocked on the door, and asked if the other man was there. The victim, Sedrick Lewis, replied that he was not. Hearing voices and movement through the door, Defendant opened fire, killing Lewis. He continued firing, wounding another person; a third individual escaped.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors patent.

In addition to Defendant's fifteen-year term of imprisonment, the court ordered the following:

> You are further sentenced to pay fines and costs in the amount of $500.00 dollars or serve six months in jail, $500.00 to the Public Defender's office or serve six months in jail and $150.00 dollars to the Louisiana Crime Lab or serve six months in jail. If not paid before you get out of jail the Court will allow you to pay the $1,150 dollars over the period of one year in equal monthly installments beginning two months after you get out of jail.

First, we find the trial court erred in ordering Defendant to serve an additional six months in jail in the event of default of payment. In *State v. Major,* 03-249 (La.App. 3 Cir. 3/2/05), 898 So.2d 548, *writ denied*, 05-1716 (La. 2/10/06), 924 So.2d 161, this court explained:

> It is well-settled that "[a]n indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)." *State v. Zabaleta*, 96-2449, p. 1 (La.3/7/97), 689 So.2d 1369.

*Id.* at 550.

It appears Defendant is indigent. During the pre-trial, trial, and sentencing proceedings, he was represented by an appointed attorney, and on appeal, he is represented by the Louisiana Appellate Project. These facts are presumptive evidence of indigence. *See State v. Devare*, 03-610 (La.App. 5 Cir. 10/28/03), 860 So.2d 191 and *State v. Jones,* 535 So.2d 3 (La.App. 4 Cir. 1988). Accordingly, we amend Defendant's sentence to delete the provision providing for a jail term in the event of default of the payment of the fines and costs, the payment to the Public Defender's Office, and the payment to the Louisiana Crime Lab. The trial court is instructed to note the amendment in the court minutes.

Next, Defendant must be provided correct information regarding the prescriptive period for filing an application for post-conviction relief. At

2

sentencing, the court advised Defendant that he could appeal his sentence and "also that [he has] two years to apply for post conviction relief thereafter." Louisiana Code of Criminal Procedure Article 930.8 provides a defendant has two years after the conviction and sentence become final to seek post-conviction relief. The trial court is ordered to inform Defendant of the correct prescriptive period of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of the opinion and to file written proof in the record that Defendant received the notice. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ANDERS ANALYSIS

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit set forth the appropriate procedures for an appellate court to analyze an appeal brought pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493 (1967):

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. . . .

*Id.* at 531.

This court has performed an independent, thorough review of the record, including pleadings, minute entries, the bill of indictment, and the transcripts. We find Defendant was properly charged by a signed grand jury indictment and was present and represented by counsel at all crucial stages of the proceedings. He pled

3

guilty to a responsive verdict in open court after a detailed colloquy with the trial judge. The sentence imposed was legal with the exception of the patent errors noted previously.

We find there are no rulings which arguably support an appeal. Thus, we affirm the Defendant's conviction and sentence, as amended.

### *Pro Se* Assignments of Error

Addressing briefly Defendant's *pro se* assignments of error, we note that review of the sentence imposed is precluded because the plea agreement included a sentencing cap. *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171. Defendant also claims the trial court did not meet the requirements of La.Code Crim.P. art. 894.1(D)(1), as it failed to inform him that his sentence was not subject to diminution for good behavior. However, that provision was removed by the legislature in 2010. 2010 La.Acts No. 350 § 1.

Defendant also argues that his trial counsel was ineffective in regard to the determination of his sanity.

The second circuit has stated:

> Moreover, because the prosecution of a defendant who is incompetent to stand trial will lead to a reversal of his conviction and sentence, issues concerning the competence of a defendant to stand trial are jurisdictional errors that may be reviewed on appeal notwithstanding a defendant's guilty plea or his failure to specifically allege the issue as an assignment of error at the time he enters a [*State v.*] *Crosby* [338 So.2d 584 (La.1976)] plea. *State v. Nomey*, 613 So.2d 157 (La.1993). In the instant case, the trial court made a specific finding that Whittington was competent to stand trial prior to accepting the plea, so there is no jurisdictional error apparent from the record as to the issue of Whittington's competency.

*State v. Whittington*, 46,795, pp. 5-6 (La.App. 2 Cir. 12/14/11), 80 So.3d 723, 726.[1]

---

[1] *Crosby* allows a defendant to plead guilty but reserve appellate review of pre-plea rulings.

4

Even when a defendant has been found mentally competent at the time to assist at trial, a court must also determine whether his plea was knowing and voluntary. *State v. Campbell*, 06-286 (La. 5/21/08), 983 So.2d 810, *cert. denied*, 555 U.S. 1040, 129 S.Ct. 607 (2008) (citing *Godinez v. Moran* 509 U.S. 389, 398, 113 S.Ct. 2680, 2686 (1993)).[2] In the present case, both experts appointed to evaluate Defendant's ability to understand the proceedings determined that he possessed such understanding. Also, contrary to Defendant's assertions, both experts concluded he understood his actions at the time of the shootings. While the sanity hearing was waived in open court, the record reflects the trial court acknowledged receipt of the psychiatric evaluations, homologated the findings, and ordered that the matter proceed to trial. Further, Defendant's responses at the guilty plea hearing indicated that he understood the proceedings; the trial court found that Defendant's plea was knowing and intelligent, and the record supports that finding.

Defendant also contends there was no judicial determination regarding whether he was sane at the time of the shooting. However, such a determination is a matter for trial, as it addresses the *mens rea* element of a charged offense. *State v. Silman*, 95-154 (La. 11/27/95), 663 So.2d 27. Defendant explicitly waived his right to go to trial when he entered his guilty plea. Thus, further exploration of the issue is obviated by his plea.

---

[2]*Godinez* has been modified, as the supreme court has recognized: "[Indiana v.] *Edwards* [554 U.S. 164, 128 S.Ct. 2379 (2008)] did not overrule *Godinez*, but clarified that *Godinez* should not be viewed as holding that the constitution prohibits the states from recognizing that a defendant, although competent to stand trial, may not necessarily be competent to represent himself due to some mental illness or defect. *Edwards* did not impose on courts any new competency requirements or procedures to determine if a defendant has intelligently and voluntarily waived his right to counsel." *State v. Bell* 09-199, p. 16 (La. 11/30/10), 53 So.3d 437, 448, *cert. denied*, __ U.S. __, 131 S.Ct. 3035 (2011).

Defendant's *pro se* assignments lack merit.

## DISPOSITION

Defendant's conviction is hereby affirmed. Defendant's sentence is amended to delete the provision providing for a jail term in the event of default of the payment of fines and costs, the payment to the Public Defender's Office, and the payment to the Louisiana Crime Lab. Defendant's sentence, as amended, is affirmed. The trial court is instructed to note the amendment in the court minutes. The trial court is further instructed to inform Defendant of the correct prescriptive period of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

**CONVICTION AFFIRMED. SENTENCE AFFIRMED AS AMENDED. REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

11-1541

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

 Plaintiff-Appellee

VERSUS

 RUDOLPH HAMILTON

 Defendant-Appellant

On Appeal from the Tenth Judicial District Court, Docket Number 16216 - Div. B, Parish of Natchitoches, State of Louisiana, Honorable Dee A. Hawthorne, Judge.

## **O R D E R**

 After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

 IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

 THUS DONE AND SIGNED this _____ day of _____, 2012.

       COURT OF APPEAL, THIRD CIRCUIT


       _____
       Judge Oswald A. Decuir


       _____
       Judge Jimmie C. Peters


       _____
       Judge Billy H. Ezell