LILJEBERG, J.,
concurs in part, dissents in part.
hi have considered the opinion of the majority, and I agree that restitution should have been awarded in this matter, pursuant to La. C.Cr.P. art. 895.1. The record clearly establishes that the victim suffered monetary loss as a result of defendant’s crime. Accordingly, I concur with the majority’s finding that the trial court erred by failing to order defendant to pay restitution.
I cannot, however, agree with the majority’s decision to remand the case for the trial court to set the amount of restitution to be paid by defendant. The majority finds that remand is necessary “to afford the court the opportunity to consider the earning capacity and assets of defendant to set a determinate amount of restitution.” However, the trial court has already been afforded the opportunity to consider these factors and to make a determination of the amount of restitution due, because a restitution hearing was held before the trial court. At this hearing, the victim’s CPA and the victim’s representative testified regarding the losses incurred due to defendant’s actions, and the victim’s 2003 and 2004 tax returns were admitted. Defendant also testified at this hearing regarding her disability, heart issues, and inability to be gainfully employed. She stated that she lives with her mother, does not own any property, and her husband is unemployed as well.
|2After considering the testimony and evidence presented at the restitution hearing, the trial judge made the finding that the victim was not “out anything” and thus, no restitution would be awarded. In my view, because the parties were already given the opportunity to present evidence on the issue of restitution and the trial court made a finding that no restitution was due, it is now this Court’s duty to review the record and determine what amount of restitution is actually due in this matter. I cannot agree to remand the case for the trial court to have another opportunity to consider the same evidence, without any new information.[1]
Further, I disagree with the majority’s decision to advise the trial court that no reduction in restitution should be considered based on the federal tax credits re *694 ceived by the victim. La. C.Cr.P. art. 895.1 provides that the amount of restitution ordered shall not exceed the actual 'pecuniary loss to the victim. Accordingly, I believe that the restitution awarded should be reduced by the amount of the victim’s tax benefit, as the federal tax credits received have reduced the amount of actual pecuniary loss by the victim.[2]
Accordingly, I concur with the majority’s finding that restitution should have been awarded in this matter, but I dissent from the decision to remand for the trial court to reconsider its finding on the amount of restitution due based on the same evidence it already considered.

. Although this Court has previously remanded cases to the trial court for calculation and imposition of restitution, as stated by the majority, I am unaware of any cases in which this was done after a restitution hearing was held and a finding of the amount of the victim's loss was made.

. See, by analogy, State v. Devare, 03-610 (La.App. 5 Cir. 10/28/03), 860 So.2d 191, in which this Court found that the trial court should ' have credited the restitution ordered by the amount that the victim's insurance company reimbursed the victim.