470 So.2d 167 (1985)
STATE of Louisiana
v.
Gregory L. RUTH.
No. KA 3194.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1985.
*168 William J. Guste, Jr., Atty. Gen., Harry F. Connick, Dist. Atty., for plaintiff-appellee State of La.
Calvin Johnson, Collins, Johnson & Volk, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and ARMSTRONG, JJ.
SCHOTT, Judge.
Ex proprio motu, we questioned jurisdiction over this appeal.
Defendant was charged with possession of phencyclidine (PCP) in violation of LSA-R.S. 40:966 C and entered a plea of not guilty. He filed a motion to suppress evidence which was denied on March 11, 1983. On April 4, 1983, he withdrew his plea of not guilty and pled guilty. On the form he signed to express his waiver of constitutional rights and plea of guilty, he reserved his right to appeal the motion to suppress the evidence.
However, at the April 4 hearing, after he entered his plea of guilty, the trial judge explained that his plea was being accepted pursuant to R.S. 40:983 in that defendant was a first offender, no finding of guilt would be made, he would be placed on probation, and his record would be cleared if he fulfilled the terms of his probation. The trial judge further stated that she had agreed with defendant's attorney to impose a three year sentence suspended for five years of inactive probation. She concluded by stating, "Provisionally, there is no finding of guilt" and by placing him on probation. On September 23, 1983, defendant took an appeal and assigned as error the trial court's denial of his motion to suppress.
R.S. 40:983 provides that when a first offender pleads guilty to possession of narcotics or other controlled dangerous substances, and when it appears that the best interests of the public and defendant will be served, "the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation...." The statute also provides that upon defendant's violation of the terms and conditions of his probation, "the court may enter an adjudication of guilt and impose sentence...."
C.Cr.P. Art. 912 A provides that only a final judgment or ruling is appealable. In this case the trial court has made no final ruling. Pursuant to the statute, further proceedings have been deferred and upon fulfillment of the terms and conditions of his probation, defendant shall be discharged and the charges against him shall be dismissed. Defendant is enjoying the benefits of this statute by remaining on inactive probation. He made this choice in lieu of contesting the charge. The record shows that this was thoroughly discussed with him by the trial judge who carefully outlined the array of constitutional rights he was giving up by pleading guilty.
In the event that he violates his probation, and the court should enter an adjudication of guilt and impose sentence, this would constitute a final judgment which under C.Cr.P. Art. 912 A is appealable. However, at this time, the court's disposition *169 of his case under R.S. 40:983 is not final. Accordingly, the appeal is dismissed.
APPEAL DISMISSED.