CIACCIO, Judge.
Defendant, Karl F. Jupiter, was charged with possession of cocaine. R.S. 40:967. The defendant entered a plea of not guilty. He filed a motion to suppress the evidence and this motion was denied. The defendant thereafter entered a “guilty plea”, pursuant to R.S. 40:983, and reserved his right to appeal the ruling of the trial court on the motion to suppress. See: State v. Crosby, 338 So.2d 584 (La., 1976). The trial court accepted the plea, pursuant to R.S. 40:983, and explained to the defendant, at the sentencing, that as a first offender, no finding of guilt would be made and he would be placed on one-year active probation and fined $500. The court further explained that upon fulfillment of the terms of probation, his record would be cleared. The defendant filed this “appeal" and assigns as error the trial court's denial of his motion to suppress.
On our own motion we find that this Court does not have jurisdiction over this case and accordingly, we dismiss this “appeal”.
We find the recent case of State v. Ruth, controlling. 470 So.2d 167 (La.App., 4th Cir.,1985). In that case, with facts closely aligned to those of the present case, this Court dismissed the defendant’s “appeal” after reasoning as follows:
R.S. 40:983 provides that when a first offender pleads guilty to possession of narcotics or other controlled dangerous substances, and when it appears that the best interests of the public and defendant will be served, ‘the court may, with *1237 out entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation.... ’ The statute also provides that upon defendant’s violation of the terms and conditions of his probation, ‘the court may enter an adjudication of guilt and impose sentence....’
C.Cr.P. Art. 912 A provides that only a final judgment or ruling is appealable. In this case the trial court has made no final ruling. Pursuant to the statute, further proceedings have been deferred and upon fulfillment of the terms and conditions of his probation, defendant shall be discharged and the charges against him shall be dismissed. Defendant is enjoying the benefits of this statute by remaining on inactive probation. He made this choice in lieu of contesting the charge. The record shows that this was thoroughly discussed with him by the trial judge who carefully outlined the array of constitutional rights he was giving up by pleading guilty.
In the event that he violates his probation, and the court should enter an adjudication of guilt and impose sentence, this would constitute a final judgment which under C.Cr.P. Art. 912 A is appeal-able. However, at this time, the court’s disposition of his case under R.S. 40:983 is not final. Accordingly, the appeal is dismissed. State v. Ruth, supra at 168-169.
Likewise, we find that this case does not present us with a final and appealable judgment. Accordingly, for the reasons assigned this appeal is dismissed.
APPEAL DISMISSED.
BARRY, J. dissents with reasons.