497 So.2d 12 (1986)
STATE of Louisiana
v.
Sylvia STEVENS.
No. KA-5082.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick,
*13 Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., Chris Toensing, Law Clerk, New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before GARRISON, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Defendant appeals the November 27, 1985 denial of her Motion to Suppress Evidence.
Following her arrest for criminal trespassing, defendant was searched and found to be in possession of phencyclidine, a violation of La.R.S. 40:966. Defendant pled guilty reserving her right to appeal the suppression ruling under State v. Crosby, 338 So.2d 584 (La.1976).
Under La.R.S. 40:983, defendant's sentence was deferred. She was placed on one (1) year active probation and ordered to pay eighty (80) dollars court costs and two hundred and fifty (250) dollars to the Criminal Courts Operating Fund.
Code of Criminal Procedure Article 912(A) provides that only a final judgment or ruling is appealable. In the instant case, no final ruling as to defendant's guilt has been made. Pursuant to La.R.S. 40:983, further proceedings have been deferred and upon fulfillment of the terms and conditions of her probation, defendant shall be discharged and the charges against her shall be dismissed. Ex Proprio Motu we deny jurisdiction over this appeal, State v. Ruth, 470 So.2d 167 (La.App. 4th Cir. 1985) and shall treat this matter as an application for supervisory writs.
After review of the record and arguments of counsel, we deny defendant's writ application and affirm the denial of the Motion to Suppress Evidence.
The evidence clearly reflects that defendant no longer resided in the Park Brittany Apartment complex. She moved from the complex owing back rent. On September 18, 1985, she returned to the complex uninvited and unlawfully used the bathroom facilities of the complex reserved for tenants only. The police were summoned by the complex manager who requested they remove defendant from the premises. When asked by the arresting officer if she resided at the complex, defendant answered "no".
Defendant was then placed under arrest for criminal trespassing and searched for weapons. We find there was probable cause to arrest defendant for trespassing and the search of her purse for weapons was a legal search pursuant to that lawful arrest. State v. Smith, 477 So.2d 893 (La.App.4th Cir.1985).
Finding no error in the ruling of the trial judge, this application for supervisory writs is denied.