SCHOTT, Chief Judge.
Defendant was charged with possession of cocaine and pled not guilty. After his motion to suppress evidence was denied he submitted himself on March 21, 1990 for disposition by the court pursuant to R.S. 40:983 and was sentenced to eighteen months, suspended with active probation for eighteen months. The next day he took an appeal reserving his right to contest the denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
As in State v. Ruth, 470 So.2d 167 (La.App. 4th Cir.1985) we dismiss the appeal because there has been no final adjudication of guilt from which an appeal may be taken pursuant to C.Cr.P. art. 912(A).
Defendant has asked the court to consider his appeal an application for supervisory writs as was done in State v. Stevens, 497 So.2d 12 (La.App. 4th Cir.1986). We decline to do so and reiterate the earlier opinion in Ruth. Under R.S. 40:983 defendant has not pled guilty, and if he completes his probation satisfactorily he will be discharged and his record will be clear of the charge. This is a special privilege created by the legislature for the benefit of a defendant who is charged for the first time with possession of controlled substances. It is obviously designed to give a second chance to the defendant who had the misfortune of being charged with possessing such a substance and to enable him to emerge with an unblemished record from his first encounter with the law over drugs or narcotics.
A review by this court at this stage of the proceedings would be academic if defendant successfully serves his probation because there will be nothing on his record to warrant a review. On the other hand, if he should violate his probation, is found guilty and is sentenced, he would have the right to an appeal.
Crosby contemplates that there has been a plea of guilty and an adjudication. The whole question in the case was whether one could take an appeal from a plea of guilty where the plea was conditioned on his right to contest the order denying his motion to suppress. Crosby at page 587. It has no application to the present situation where there has been no guilty plea or adjudication.
Accordingly, this appeal is dismissed.
APPEAL DISMISSED.