594 So.2d 1079 (1992)
STATE of Louisiana
v.
Bernard BRETAGNOLLE. (Two Cases)
consolidated with
STATE of Louisiana
v.
Bernard BRETAGNOLLE, and Alex Rivera a/k/a Alex Cruz.
Nos. 91-KA-0741, 91-KA-0937 and 91-KA-1850.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1992.
Writ Denied April 20, 1992.
David F. Craig, Jr., New Orleans, for defendants, Bernard Bretagnolle, and Alex Rivera a/k/a Alex Cruz.
Harry F. Connick, Dist. Atty., Robyn Gulledge, Pamela S. Moran, Asst. Dist. Attys., New Orleans, for plaintiff, State.
Before BARRY, CIACCIO and LOBRANO, JJ.
BARRY, Judge.
The defendants were charged with possession of cocaine (La.R.S. 40:967), possession of Alprazolam (La.R.S. 40:969), and possession of Propoxyphene (La.R.S. 40:969). After their motions to suppress the evidence were denied, they withdrew their not guilty pleas and entered pleas of guilty to La.R.S. 40:983 relative to possession *1080 of cocaine and possession of Propoxyphene,[1] reserving their rights to appeal the denial[2] of their motions to suppress under State v. Crosby, 338 So.2d 584 (La.1976).

JURISDICTION
The defendants pleaded guilty pursuant to La.R.S. 40:983[3] and were placed on two years active probation under certain conditions. They were granted Crosby appeals. We will first determine whether the defendants have a right to an appeal.
An appeal cannot be taken by the defendants except from a conviction and sentence. La.C.Cr.P. art. 912 and its Official Revision Comment (c). This Court has held that a defendant may not take an appeal from a plea entered under La.R.S. 40:983 and has dismissed the appeals without consideration of the defendants' arguments. State v. Henry, 572 So.2d 761 (La. App. 4th Cir.1990), writ denied 576 So.2d 47 (La.1991); State v. Ruth, 470 So.2d 167 (La.App. 4th Cir.1985). However, when this Court dismissed the appeal in State v. Jupiter, 488 So.2d 1236 (La.App. 4th Cir. 1986) because the disposition under La.R.S. 40:983 was not final, the Louisiana Supreme Court granted the writ and remanded the case back to this Court for its consideration of the matter as a writ on the merits. 493 So.2d 1208 (La.1986).[4] Therefore this Court will review defendants' arguments as an application for writs. State v. Stevens, 497 So.2d 12 (La.App. 4th Cir. 1986). See also State v. Watkins, 526 So.2d 357 (La.App. 4th Cir.1988).

MOTION TO SUPPRESS
The defendants' only argument is that the trial court erred by denying their motions to suppress the evidence.
At the motion to suppress hearing Officer Moretti testified that in October, 1990 he investigated the illegal possession of *1081 narcotics at 333 Julia Street, Apt. 514. He and Officer Lajarza obtained a search warrant on October 2, 1990. The warrant application stated that on Monday, October 1, 1990 he and Officer Lajarza were contacted by Postal Inspector Kay. Inspector Kay had received a call from the U.S. Customs Service in Miami informing him that a package which contained approximately 56 grams of hashish (detected by canines) had been mailed from France and was addressed to Alex R. Cruz, 333 Julia Street, Apt. 514, New Orleans, Louisiana. Customs Agents opened the package, found 56 grams of hashish, resealed it and forwarded the package to the New Orleans Postal Inspector's Office. Inspector Kay told the N.O.P.D. officers that on October 2, 1990 he would attempt a controlled delivery of the package to the address in order to apprehend the owner of the package. The search warrant was issued. The officers obtained a copy of the apartment rental agreement and ascertained that Bretagnolle was the tenant and Rivera was the co-tenant of the apartment.
Officer Moretti stated that on October 2 surveillance was set up and Cruz was observed in the apartment when an ambulance took Bretagnolle, who was having chest pains, to the hospital. The package was placed in the apartment's mailbox and the officers waited for someone to claim it. When a second box (no testing had been done for drugs) too large for the mailbox arrived, Officer Moretti and Inspector Kay decided to leave both packages at the manager's office for pick up. The apartment was called to inform the two defendants of the two packages, but no one was home and a machine answered the call.
When Bretagnolle came home from the hospital on October 3, 1990, the office manager informed him that he had two packages, one from France and another from California. Bretagnolle picked up the packages about 3:20 p.m. and went to his apartment.
The officers went to the apartment and knocked on the door. They received no response and used a key to gain entrance so that the door would not be damaged. After opening the door, the officers announced their presence by shouting: "Police, we have a search warrant." The officers continued through the apartment as they called out that they were police officers with a search warrant.
Officer Moretti testified that he executed the warrant on October 3, 1990 and seized white powder cocaine, hashish, marijuana residue, gram scales, several tablets of Xanax and Wygesic, several tablets not readily identified, numerous papers, among other items. The officers arrested Bretagnolle at the apartment that day and Cruz was arrested the following day at the apartment. After being advised of his rights, Bretagnolle informed the police that he knew the contents of the package from France, saw that it had been opened, and flushed its contents (approximately two ounces of cocaine) down the toilet. He told them that the tablets were prescription medications for which he did not have a prescription. Cruz testified that he knew no one from France and had no knowledge of receiving drugs by mail, but he conceded that there were drugs in the apartment. Officer Moretti identified both defendants.
Officer Lajarza testified he was present only on October 2, the initial day of the investigation when Bretagnolle was taken to the hospital. He saw the other man in the apartment, but could not identify him as Cruz.
U.S. Postal Inspector Kay testified he was present when the search warrant was executed on October 3, 1990. He identified the envelope allegedly containing marijuana which had been sent to him by another postal inspector. He gave the envelope to the apartment complex receptionist who gave it to Bretagnolle. Inspector Kay said that the envelope was not delivered on October 2 because of Bretagnolle's emergency trip to the hospital and the resulting confusion.
Gina Kirwin, apartment complex manager, identified both defendants and stated that they were living in apartment 514 in 1990 and are still living there. On October 3 Rivera was not in the apartment because he was locked out while Bretagnolle was in *1082 the hospital. Bretagnolle had contacted Kirwin (who told the police) and she let Cruz (Rivera) into the apartment on October 4.
The defendants argue that there was no appropriate notice given by the police officers who knocked and then entered with a pass key before identifying themselves as the police. La.C.Cr.P. art. 224 provides:
In order to make an arrest, a peace officer, who has announced his authority and purpose, may break open an outer or inner door or window of any vehicle, autocraft, aircraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer may not announce his authority and purpose when to do so would imperil the arrest.
This article applies to the execution of search warrants pursuant to La.C.Cr.P. art. 164 which provides that a peace officer may use such means and force as are authorized for arrest. All the circumstances must be examined to determine if the force used in execution of a warrant or the method of entry was unreasonable. State v. Thomas, 329 So.2d 704 (La.1976).
Officer Moretti testified that the officers knocked on the door, no one responded, so they opened the door using a pass key and announced their presence. The officers knew that a package for Bretagnolle had just been picked up from the apartment office and it contained contraband. The officers were justified in believing that if they announced their presence sooner that would have allowed Bretagnolle to destroy the evidence. Bretagnolle admitted that he flushed the contents of both packages down the toilet before the officers could execute the warrant. The officers' entry was reasonable under those circumstances.
The trial court properly denied the motions to suppress the evidence. The defendants' writs are denied.
WRITS DENIED.
CIACCIO, J., concurs with reasons.
CIACCIO, Judge, concurring.
I concur in the result.
I do not concur in the conclusions of law expressed in Footnote 4, as Jupiter remains the law of this circuit. Accordingly, an "appeal" from a guilty plea under La. R.S. 40:983 may proceed only by writ application. State v. Henry, 572 So.2d 761 (La. App. 4th Cir.1990), writ denied, 576 So.2d 47 (La.1991).
NOTES
[1] The docketmasters in the records indicate that each defendant was charged with two counts of possession of a Schedule IV substance under La.R.S. 40:969 and one count of possession of cocaine under La.R.S. 40:967. According to the docketmaster Bretagnolle pleaded guilty to two counts under La.R.S. 40:967 on February 18, 1991 and Rivera pleaded guilty on May 17, 1991 to counts one and three pursuant to La.R.S. 40:983. According to the February 18, 1991 minute entry, Bretagnolle pleaded guilty to two counts under La.R.S. 40:967, but the guilty plea transcript indicated he was pleading to possession of cocaine and to possession of Propoxyphene (although count numbers were listed incorrectly). The May 17, 1991 minute entry indicates that Rivera pleaded guilty to counts one and three only and listed the charges as three counts under R.S. 40:967. However, his guilty plea transcript clearly shows that Rivera pleaded guilty to cocaine and Propoxyphene possession.

Propoxyphene is a Schedule IV substance according to La.R.S. 40:964 and its possession is a violation of La.R.S. 40:969. See State v. Smith, 397 So.2d 1326 (La.1981). We were not able to totally clear up the discrepancies in the records even after ordering a per curiam from the trial court. The trial court did provide this Court with the defendants' guilty plea transcripts. A review of the transcripts indicates that the defendants were informed of the charges against them and knew the charges to which they were pleading. The sentences under La.R.S. 40:967C(2) and R.S. 40:969C are identical. Therefore, the defendants were not prejudiced by these technical discrepancies.
[2] Bretagnolle previously requested review of the denial of his motion to suppress evidence in writ no. 91-K-0147, which was denied because he had an adequate remedy on appeal. Because Bretagnolle subsequently pleaded guilty under La.R.S. 40:983 his review will be by writ.
[3] La.R.S. 40:983A provides in pertinent part: "Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(C), R.S. 40:970(C) of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required."
[4] Although the Jupiter majority dismissed the Crosby appeal of a "guilty plea" pursuant to La.R.S. 40:983, this author dissented because the judgment or ruling was appealable. La.C.Cr.P. art. 912 provides that a final judgment or ruling is appealable. Jupiter was placed on one year active probation and fined $500. A probation sentence (and fine) is certainly punishment and La.C.Cr.P. art. 871 defines a sentence as the penalty imposed by the court on a defendant upon a plea of guilty. Therefore, Jupiter's sentence was a judgment which imposed a sentence appealable under La.C.Cr.P. art. 912.