612 So.2d 306 (1992)
STATE of Louisiana
v.
William BARCONEY.
No. 92-KA-703.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1992.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Lawrence Alterman, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
John D. Rawls, Indigent Defender Bd., Gretna, for defendant/appellant.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
In this appeal, which we shall consider as a writ application, the defendant challenges the court's ordering him to pay a fine, court costs, and fees as special conditions of probation, when he had been allowed to proceed as an indigent defendant.
A Jefferson Parish bill of information was filed on October 22, 1990 charging *307 defendant, seventeen year-old William Barconey, with possession of cocaine, in violation of LSA-R.S. 40:967 C. At the December 5, 1990 arraignment, defendant pled not guilty.
On March 12, 1991, the trial judge heard and denied defendant's motion to suppress. Subsequently, on March 20, 1991, defendant withdrew his former plea of not guilty and after being advised of his constitutional rights, entered a plea of guilty. The plea was entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976) and LSA-R.S. 40:983, a conditional discharge provided for possession of controlled substances as a first offender. The court ordered that the plea be recorded without entering a judgment of guilt and with the consent of defendant deferred any further proceedings and placed defendant on active probation for a term of 24 months, subject to several special conditions of probation, including the above-mentioned money charges.
An appeal cannot be taken by a defendant except from a conviction and sentence under La.C.Cr.P. art. 912 and Official Revision Comment (c). The Fourth Circuit had dismissed the appeal in State v. Jupiter, 488 So.2d 1236 (La.App. 4 Cir. 1986) because the disposition under LSA-R.S. 40:983 was not final, but was ordered by the Supreme Court to consider the matter as a writ on the merits. 493 So.2d 1208 (La.1986). This procedure was followed in State v. Bretagnolle, 594 So.2d 1079 (La. App. 4 Cir.1992), writ denied 596 So.2d 556 (La.1992), where as here the defendant pled guilty under LSA-R.S. 40:983. Accordingly, we shall consider Barconey's appeal as a writ on the merits.
Although the defendant had reserved his right to appeal the denial of his motion to suppress, he now appeals only the sentence levying the fine, court costs, and monthly probation fee.
The charges listed in the commitment are as follows: $500.00 fine, $20.00 monthly probation supervision fee, $10.00 coroner cost, $100.00 LCLE fee (Louisiana Commission on Law Enforcement), $25.00 clerk's fee, $12.50 sheriff's cost, $17.50 IDB fee, $7.00 judicial building fee, $100.00 victim fee, $50.00 deputy fee, and $10.00 district attorney cost. The court ordered defendant to pay his monetary obligations in monthly payments of $83.20 until paid in full. Barconey now contends that the assessment of fine, fees and costs against him, an indigent, was error.
La.C.Cr.P. art. 884 provides as follows:
If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.
In State v. Johnson, 592 So.2d 818, 820 (La.App. 5 Cir.1991), writ denied, 592 So.2d 1337 (La.1992), this Court, when faced with the identical issue, stated as follows:
Article 884 allows the imposition of jail time in default of payment of a fine or costs. Although the article provides no exceptions to the general rule, it is well settled law that an indigent defendant may not be sentenced to additional jail time in default of payment of fine or costs. See State v. Conley, 570 So.2d 1161 (La.1990); State v. Trollman, 551 So.2d 28 (4th Cir.1989); and State v. Newberry, 560 So.2d 121 (3rd Cir.1990). See also State v. Boynton, 537 So.2d 821 (5th Cir.1989).
In the present case, the trial judge did not impose additional jail time on defendant in default of payment. As the previously discussed jurisprudence indicates, the mere imposition of court costs upon an indigent defendant is not unconstitutional. It is the imposition of additional jail time in default of payment which is impermissible. Therefore, since the defendant in the present case was not sentenced to nor threatened with additional jail time upon default of payment, the sentence imposed was constitutional. If defendant fails to pay the fine and costs, collection may be enforced *308 as a money judgment in a civil case pursuant to La.C.Cr.P. art. 886.
We note also that the defendant's argument in the instant case appears premature because he is not claiming that he is unable to pay these monetary conditions of probation. State v. Johnson, supra. In fact, he specifically agreed to these conditions of probation in open court, as part of the plea bargain agreement entered into with the state. As pointed out in the District Attorney's brief, at the time of sentencing Barconey was employed as a cook and was in a position to fulfill the monetary conditions. Accordingly, we find no error in the court's ruling.
Our review for patent errors in accordance with La.C.Cr.P. art. 920 reveals none and we find that the defendant was properly "Boykinized."
For the reasons assigned above, we deny the writ.
WRIT DENIED.