615 So.2d 1124 (1993)
STATE of Louisiana
v.
Jorge DIAZ-RUBIO.
No. 92-KA-747.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
*1125 Mark P. Burton, Gretna, for appellant/defendant Jorge Diaz-Rubio.
John M. Mamoulides, Dist. Atty., Howat Peters, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Research and Appeals Court, Gretna, for appellee State.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Jorge Diaz-Rubio, filed a Motion To Suppress The Evidence, Confession and Identification and it was denied by the district court. The defendant thereafter pled guilty, under State v. Crosby, 338 So.2d 584 (La.1976), to possession of cocaine and was sentenced, under La.R.S. 40:983, without a judgment of guilt. Defendant appeals, arguing that the court erred in denying his motion to suppress.[1] For the reasons which follow, we affirm the trial court's denial of defendant's motion to suppress and also defendant's conviction and sentence.
The record before us reveals that Agent O.J. Orgeron, a member of the Narcotics Division of the Jefferson Parish Sheriff's Office, testified that he and Sergeant Keller, from the New Orleans Police Department, met with a confidential informant (CI) on September 4, 1991. The CI told them that he had been inside an apartment at 6315 Ackel Street, Apartment 42-A, where he had observed a quantity of cocaine on the kitchen table. While there, he overheard a telephone call in which defendant told the caller "that he would be making deliveries on the next day in the late afternoon between 9:00 and 12:00 o'clock." Based on this information, these and other officers, conducted a surveillance of defendant's apartment the following day, September 5, 1991. At approximately 9:05 p.m. the officers observed defendant and his girlfriend, Cynthia Saacks, leave the *1126 apartment and drive to the Time Saver located at the corner of Veterans Highway and Green Acres. The officers observed Saacks go into the Time Saver and defendant exit the car and walk around nervously, looking around. He then walked over to another automobile with two unidentified occupants and got into it. After a short while he exited that vehicle, again looking around, and walked directly back to his automobile and got in. Because of their experience in drug trafficking, the officers believed that this was a drug transaction. Defendant and Saacks drove back to their apartment, followed by the officers. Saacks and the defendant got out of their automobile and began to walk toward their apartment. Detective Torres, who was dressed in plain clothes, began walking a few feet behind them. Torres saw defendant turn and look at him and heard defendant tell Saacks that Torres was a police officer. Defendant and Saacks began to walk faster. Torres told them to stop. They continued to walk rapidly. Torres radioed to the other officers that he had been identified as a police officer. The other officers, in army fatigues with police emblems on the outfits, jumped out and requested that the defendant and Saacks stop. They did not stop but instead entered their apartment and shut the door. The officers called out for the suspects to open the door. They did not open the door and the officers forced it open. Upon entering the apartment, defendant was crouched behind the door trying to keep it closed, and Saacks was sitting at the kitchen table, trying to load a gun. They approached Saacks to take the gun and saw three or four lines of a white powder substance on the kitchen table. This substance later tested to be cocaine. Saacks and defendant were arrested and evidence was seized. The officers then sought and obtained a search warrant for the entire house and found more contraband.
On October 16, 1991, defendant and Saacks were charged in a bill of information with possession of cocaine with intent to distribute, in violation of La.R.S. 40:967 A. They obtained separate counsel. Saacks requested a preliminary examination, which was held on January 29, 1992. She thereafter filed a motion to suppress. However, the motion to suppress was withdrawn and she pled guilty to simple possession of cocaine, in violation of La.R.S. 40:967 C. Defense counsel for Diaz-Rubio did not request a preliminary examination. He filed a Motion to Suppress and the hearing was held on May 12, 1992. Therein, defense counsel offered a stipulation that the case be submitted on the record and he asked the trial judge to take note of the motion to suppress in the Saacks case, because the facts were the same. The trial judge said that he had reviewed the police report.[2] Then the trial judge denied the motion to suppress insofar as it related to the lines of cocaine found in plain view on the kitchen table when the officers entered the apartment, but granted the motion insofar as it pertained to the quantities of contraband seized pursuant to the warrant and full search of the premises.[3] Defendant *1127 then pled guilty, with a Crosby reservation, to the reduced charge of simple possession of cocaine, in violation of La. R.S. 40:967 C.
Defendant appeals from the adverse ruling on his motion to suppress. Defendant argues herein that the police officers lacked the requisite probable cause and exigent circumstances to justify the warrantless entry into his home. We disagree.
It is a basic principle of the Fourth Amendment that searches and seizures inside a home without a warrant are presumptively unreasonable. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). However, there are a few specifically established and well-delineated exceptions to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). These exceptions are "jealously and carefully drawn, and there must be a `showing by those who seek exemption ... that the exigencies of the situation made [the search] imperative.'" Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
When the constitutionality of a warrantless search is at issue, as here, on a motion to suppress, the state bears the burden of affirmatively showing that it was justified under one of the exceptions to the warrant requirement. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1969); State v. Raheem, 464 So.2d 293 (La.1985); State v. Chirlow, ___ So.2d___ (La.App. 5th Cir.1992), No. 92-KA-570, On Rehearing, ___ So.2d at___ (La.App. 5th Cir.1993). One such exception to the warrant requirement is that invoked by "exigent circumstances." Where police officers have probable cause to believe that contraband is present and, in addition, based on the surrounding circumstances or the information at hand, they reasonably conclude that the evidence will be destroyed or removed before they can secure a search warrant, a warrantless search is justified. State v. Bearden, 449 So.2d 1109 (La.App. 5th Cir.1984). Circumstances will vary from case to case, and the inherent necessities of the situation at the time must be considered. State v. Bearden, supra.
In the instant case we find that the police officers had probable cause to believe contraband was present in defendant's apartment and they were reasonable in concluding that the evidence would be destroyed or removed before they could secure a search warrant, such that exigent circumstances existed to justify the warrantless intrusion into defendant's apartment.
At the time the officers entered defendant's apartment the record reveals that they had information from a CI, who had been in defendant's apartment the day before, that he had seen a quantity of cocaine in the apartment. He had also overheard a telephone conversation between defendant and an unidentified caller in which the defendant advised the caller that he would be making deliveries on the next day between 9:00 and 12:00 p.m. Based on this information the officers conducted a surveillance the following day and observed the defendant engage in what appeared to be a drug transaction at a nearby convenience store, corroborating the CI. Upon returning from the Time Saver, defendant and Saacks were walking to their apartment, with Detective Torres in plain clothes following them at some distance, when Detective Torres heard defendant tell Saacks that Torres was a policeman. The pair began to walk more quickly toward the apartment and Detective Torres requested that they stop. Other officers appeared, wearing raid jackets identifying them as police officers, and also requested that the couple stop. They did not stop, but hurried inside the apartment. At that point, the officers had probable cause to believe that there was contraband inside the apartment and that it would be destroyed before they could secure a search warrant. Therefore, the warrantless intrusion into the defendant's apartment, where the contraband was visible, in plain view, was justified under the "exigent circumstances" exception to the warrant requirement of the Fourth Amendment.
*1128 Accordingly, for the reasons assigned, we find no manifest error in the ruling of the trial court, denying the motion to suppress of defendant.
We find no errors patent and affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] It has been held that a defendant does not have a right to an appeal from a guilty plea entered pursuant to La.R.S. 40:983, where no judgment of guilt is entered. However, in such cases, the case is considered by the appellate court as a writ on the merits. State v. Barconey, 612 So.2d 306 (La.App. 5th Cir.1992), State v. Bretagnolle, 594 So.2d 1079 (La.App. 4th Cir. 1992), writ denied, 596 So.2d 556 (La.1992); State v. Jupiter, 488 So.2d 1236 (La.App. 4th Cir.1986), writ granted and remanded to be considered as a writ on the merits, 493 So.2d 1208 (La.1986).
[2] The record, lodged on appeal in this court, was incomplete. The police report, relied on by the trial judge in his reasons for denying the motion to suppress was not in the record, initially. Defense counsel did not object to the trial judge reading the police report. The record has now been supplemented with the police report. Further, the record as lodged contained the transcript of the preliminary examination on January 29, 1992 of Cynthia Saacks. Defense counsel for Diaz-Rubio stipulated that his motion to suppress be submitted "on the record" and specifically mentioned the testimony from "the motion to suppress in the Cynthia Saacks case." In the Cynthia Saacks case the only hearing held was the preliminary examination. There was no hearing on a motion to suppress. Therefore, we have considered the testimony from the Cynthia Saacks preliminary examination to be what was stipulated to by defense counsel for Diaz-Rubio as part of the record in this case. Accordingly, "the record" referred to here on appeal consists of the police report and the testimony from the preliminary examination of Cynthia Saacks.
[3] The state did not seek writs on appeal from that part of the judgment ordering the evidence that was seized pursuant to the warrant suppressed. Therefore we have not reviewed that ruling for error.