DUFRESNE, Judge.
The defendant, Dalton Harper, was charged by Bill of Information with possession of a controlled dangerous substance, LSD, in violation of LSA-R.S. 40:966. After having initially plead not guilty, the defendant entered a plea of guilty as charged under LSA-R.S. 40:983, a conditional discharge provided for possession of controlled dangerous substances as a first offender, while reserving his right to appeal the denial for the motion to suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976). The court without entering a judgment of guilty and with the consent of the defendant deferred any further proceedings and placed the defendant on inactive probation for one year subject *430 to the condition of performing 100 hours of community service.
FACTS
While patrolling highway U.S. 90 during the late evening of September 7,1991, Officer Candies of the St. Charles Parish sheriffs office was stopped by a passerby who informed him that there were “several suspicious people on motorcycles behind the Domino’s Pizza wearing “gang jackets” with “Hinchmen” written on the back of some. As Officer Candies headed towards the Domino’s Pizza in order to investigate the complaint, he observed a large group of motorcyclists traveling in the opposite direction and riding two or three abreast “in several layers” in a single lane of travel. Officer Candies then pursued the motorcycles and called for back-up units to assist in stopping them.
After the other units arrived, the officers initiated a stop and the motorcycles pulled onto the shoulder in a single file. The officers “began to systematically identify the subjects” and patted them down for weapons; however, none were found. Subsequently, when Officer Candies asked one of the riders, later identified as the defendant, to produce his driver’s license, he removed a large leather wallet from his pocket, disconnected the chrome chain attached to it and opened it. While he was looking through his wallet, several miscellaneous papers fell on the hood of the police unit. Officer Candies noticed a piece of folded toilet tissue which was partially opened among the papers and inside the tissue there was a yellowish-brown “paper substance.” Officer Candies seized the tissue and opened it exposing two squares of blotter paper which he suspected to be LSD based upon his previous training and experience.
After concluding their field investigation, the officers allowed the riders to leave, but they did not issue any citations because they were unable to positively identify who were in violation of riding three abreast. The blotter paper was turned over to crime scene who in turn sent it to the State Police Lab. Upon receiving a positive return for LSD, Officer Candies obtained a warrant for the defendant’s arrest.
Although defendant cannot take an appeal from a plea entered under LSA-R.S. 40:983 because the disposition is not final, the court can consider the appeal as a writ on the merits. See State v. Barconey, 612 So.2d 306 (La.App. 5th Cir.1992); State v. Bretagnolle, 594 So.2d 1079 (La.App. 4th Cir.1992), writ denied, 596 So.2d 556 (La.1992).
The defendant contends that the evidence seized was obtained as the result of an illegal search and seizure in that the officer lacked justification to stop and detain the defendant.
The Fourth Amendment of the United States Constitution and Article 1, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1, as well as by both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. State v. Belton, supra; State v. Rosales, 537 So.2d 850 (La.App. 5th Cir.1989). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Belton, supra.
Here the police officer had reasonable cause to stop and detain the defendant since he was one of the group that was riding motorcycles in violation of LSA-R.S. 32:191(D) which provides that motorcycles shall not be operated more than two abreast in a single lane. In the process of *431 ascertaining that the various motorcyclists had valid driver’s licenses; the defendant, while producing his license, dropped a paper containing LSD from his wallet. As the trial judge correctly indicated in her reasons for denying the motion to suppress, the police officer did not search the defendant, he was voluntarily producing his license, when the paper containing LSD fell from his wallet in plain view on the hood of the police unit.
Accordingly, the defendant’s Fourth Amendment rights were not violated and the evidence seized was properly introduced into evidence.
The denial of the motion to suppress is affirmed.

AFFIRMED.