liPER CURIAM.
Defendant, James Marse, was charged by bill of information with possession of marijuana in violation of La.R.S. 40:966C. He pled not guilty at his arraignment on May 12, 1994, and thereafter filed a motion to suppress physical evidence. Following the trial court’s denial of the suppression motion on June 29, 1994, defendant withdrew his original plea and entered a plea of guilty as charged under La.R.S. 40:983, a conditional discharge provided for possession of controlled substances as a first offender. Defendant reserved his right to appeal the denial of his motion to suppress in accordance with State v. Crosby, 338 So.2d 584 (La.1976). On July 1, 1994, defendant filed a motion to appeal which the trial court granted.
A plea entered under La.R.S. 40:983 is not appealable because the disposition is not final. State v. Harper, 618 So.2d 429 (La.App. 5th Cir.1993); State v. Barconey, 612 So.2d 306 (La.App. 5th Cir.1992). On December 9, 1994, this Court, acting en banc, issued the following order:
It has come to the attention of this Court that an increasing number of non-appeal-able matters are being incorrectly filed and lodged as appeals. In the past, this Court has customarily converted these appeals into the more appropriate procedural mechanism of writs under the guise of judicial economy. However, we have come to realize thatjgthis approach is inconsistent with our legislative scheme for the appropriate exercise of our supervisory jurisdiction. Hence, we wül no longer continue such practice.
IT IS HEREBY ORDERED that, as of January 1, 1995, all non-appealable matters filed as an appeal will be dismissed. Accordingly, all parties will be required to follow and adhere to the procedural schemes set forth in our Louisiana Code of Civil and Criminal Procedure.
Accordingly, this appeal is dismissed with the reservation of defendant’s right to apply for review of the denial of his suppression motion under this court’s supervisory jurisdiction.