**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

17-1178


STATE OF LOUISIANA

VERSUS

WILBERT LEGER, JR.
A/K/A WILBERT LEGER


\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84409
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.


**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**


Keith A. Stutes
District Attorney - 15th JDC
500 NE Court Circle, 3rd Floor
Crowley, LA 70526
(337) 788-8831

**Kim Reginald Hayes, A.D.A.**
**Burleigh G. Doga, A.D.A.**
**Scott J. Privat, A.D.A.**
**Jack Nickel, A.D.A.**
**P.O. Drawer 288**
**Crowley, LA 70527-0369**
**(337) 785-2760**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**


**Jeffrey Matus**
**15th Judicial Public Defenders Office**
**516 SE Court Circle**
**Crowley, LA 70526**
**(337) 889-5661**
**COUNSEL FOR APPELLANT:**
       **Wilbert Leger, Jr.**

**Cooks, Judge.**

On October 12, 2015, the State charged Defendant, Wilbert Leger, Jr., with committing one count of second degree battery, in violation of La.R.S. 14:34.1, on July 31, 2015.

On May 1, 2017, Defendant entered into an agreement with the State and entered a no contest plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970). In exchange for the plea, the district court sentenced Defendant in accordance with his plea bargain. Therefore, the district court placed Defendant on two years of active supervised probation with the following special conditions: pay a $500.00 fine, $420.50 in court costs, a $350.00 indigent defender fee, and restitution to be determined following a hearing. As part of the plea agreement, the trial court's imposition of two years at hard labor was deferred pending successful completion of Defendant's probation in accordance with La.Code Crim.P. art. 893. On November 14, 2017, the district court conducted Defendant's restitution hearing. Following presentation of the evidence, the trial court ordered restitution in the amount of $3,165.00 to the medical providers.

On November 15, 2017, the defense filed a "Notice of Intent to Apply for Supervisory Writ" of the restitution order with the trial court. In response, the trial court set a December 14, 2017, return date. Thereafter, on November 30, 2017, the defense filed a motion to reconsider sentence, which asserted the ordered restitution was inappropriate in the instant case as the sentencing court directed Defendant to pay the victim's medical providers instead of the victim and as medical providers were not intended to be restitution recipients within the meaning of the criminal restitution articles. The pleading also informed the trial court the defense no longer intended to pursue supervisory review.

On November 30, 2017, the district court denied the motion to reconsider sentencing without conducting a hearing on the matter. On the same date, the defense filed a "Motion for Order of Appeal and Designation of the Record" with the trial court. In its pleading, the defense explained it intended to seek review of the restitution imposed for the same grounds set forth in the motion to reconsider sentence. Also on November 30, 2017, the district court granted the right to appeal and entered the appeal order.

On December 27, 2017, this court received and lodged the appeal record in the instant case. As a result, this court, on January 10, 2018, issued a rule to show cause why the matter should not be dismissed as non-appealable.

On January 19, 2018, the defense filed a response with this court asserting that, as the matter involved review of Defendant's sentence, it was appealable. The defense contends appellate jurisdiction over this matter is conveyed by La.Const. art. V, § 10, which grants appellate jurisdiction over all criminal cases triable by jury. Defendant pled no contest to second degree battery, in violation of La.R.S. 14:34.1. Since the offense is a relative felony, it is triable by jury pursuant to La.Code Crim.P. art. 782, and this court has appellate jurisdiction over sentences imposed for the offense. Furthermore, La.Code Crim.P. art. 912 provides for the appeal of judgments imposing sentence. The defense urges that, because restitution is part of sentencing, the decisions regarding restitution are appealable.

Louisiana Constitution Article V, § 10 establishes jurisdiction for courts of appeal:

> Section 10. (A) Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) . . . (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article [instances of a law being declared

2

unconstitutional and where the death penalty has been imposed]. It has supervisory jurisdiction over cases which arise within its circuit.

(B) Scope of Review. Except as limited to questions of law by this constitution, or as provided by law in the review of administrative agency determinations, appellate jurisdiction of a court of appeal extends to law and facts. . . . In criminal cases its appellate jurisdiction extends only to questions of law.

(C) Other Criminal Matters. In all criminal cases not provided for in Paragraph (D)(2) or Paragraph (E) of Section 5 or Paragraph (A)(3) of this Section, a defendant has a right of appeal or review, as provided by law.

Only final judgments are appealable. La.Code Crim.P. art. 912(A). Also, under La.Code Crim.P. art. 912(C)(1), defendants have the right to appeal judgments imposing sentences: "The judgments or rulings from which the defendant may appeal include, but are not limited to: (1) A judgment which imposes sentence . . . ."

The fourth circuit has held that deferred sentences cannot be appealed because they are not final; as such, they could be reviewed via writ application:

Code of Criminal Procedure Article 912(A) provides that only a final judgment or ruling is appealable. In the instant case, no final ruling as to defendant's guilt has been made. Pursuant to La.R.S. 40:983, further proceedings have been deferred and upon fulfillment of the terms and conditions of her probation, defendant shall be discharged and the charges against her shall be dismissed. Ex Proprio Motu we deny jurisdiction over this appeal, *State v. Ruth*, 470 So.2d 167 (La.App. 4th Cir.1985) and shall treat this matter as an application for supervisory writs.

*State v. Stevens*, 497 So.2d 12, 13 (La.App. 4 Cir. 1986), *see also*, *State v. Watkins*, 526 So.2d 357, 359 (La.App. 4 Cir. 1988) (citing *Stevens*).

The supreme court has affirmed the ruling denying the fourth circuit's finding deferred sentences are not appealable; however, the supreme court remanded the matter for consideration as a writ application:

Defendant, Karl F. Jupiter, was charged with possession of cocaine. R.S. 40:967. The defendant entered a plea of not guilty. He filed a motion to suppress the evidence and this motion was denied.

The defendant thereafter entered a "guilty plea", pursuant to R.S. 40:983, and reserved his right to appeal the ruling of the trial court on the motion to suppress. *See: State v. Crosby*, 338 So.2d 584 (La., 1976). The trial court accepted the plea, pursuant to R.S. 40:983, and explained to the defendant, at the sentencing, that as a first offender, no finding of guilt would be made and he would be placed on one-year active probation and fined $500. The court further explained that upon fulfillment of the terms of probation, his record would be cleared. The defendant filed this "appeal" and assigns as error the trial court's denial of his motion to suppress.

On our own motion we find that this Court does not have jurisdiction over this case and accordingly, we dismiss this "appeal".

We find the recent case of *State v. Ruth*, controlling. 470 So.2d 167 (La.App.[] 4th Cir.[] 1985). In that case, with facts closely aligned to those of the present case, this Court dismissed the defendant's "appeal" after reasoning as follows:

> R.S. 40:983 provides that when a first offender pleads guilty to possession of narcotics or other controlled dangerous substances, and when it appears that the best interests of the public and defendant will be served, 'the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation. . . .' The statute also provides that upon defendant's violation of the terms and conditions of his probation, 'the court may enter an adjudication of guilt and impose sentence. . . .'

> C.Cr.P. Art. 912 A provides that only a final judgment or ruling is appealable. In this case the trial court has made no final ruling. Pursuant to the statute, further proceedings have been deferred and upon fulfillment of the terms and conditions of his probation, defendant shall be discharged and the charges against him shall be dismissed. Defendant is enjoying the benefits of this statute by remaining on inactive probation. He made this choice in lieu of contesting the charge. The record shows that this was thoroughly discussed with him by the trial judge who carefully outlined the array of constitutional rights he was giving up by pleading guilty.

> In the event that he violates his probation, and the court should enter an adjudication of guilt and impose sentence, this would constitute a final judgment which under C.Cr.P. Art. 912 A is appealable. However, at this time, the court's disposition of his case under R.S.

4

40:983 is not final. Accordingly, the appeal is dismissed. *State v. Ruth*, *supra* at 168-169.

Likewise, we find that this case does not present us with a final and appealable judgment. Accordingly, for the reasons assigned this appeal is dismissed.

*State v. Jupiter*, 488 So.2d 1236, 1236-37 (La.App. 4 Cir.), *writ granted to remand for consideration on the merits as a writ application*, 493 So.2d 1208 (La.1986).

This court has found that a deferred conviction and sentence become appealable if the associated probation is revoked:

> On the basis of this information, an affidavit was filed in the district court by Whalen H. Gibbs, Jr., a probation officer with the Louisiana Department of Public Safety and Corrections, stating that defendant had violated her probation. On December 7, 1991, a revocation hearing was held and the court found that the defendant had not complied with the probation conditions and that she had in fact violated her probation. On December 16, 1991, the court adjudicated the defendant guilty of the crime of possession of heroin and, under La.R.S. 40:966(C)(1), sentenced defendant to serve ten years at hard labor with the Louisiana Department of Public Safety and Corrections, without the benefit of probation or suspension of sentence. A Motion for Appeal was timely filed, and defendant was granted an appeal on December 20, 1991. Although a judgment revoking probation is generally not appealable, *State v. Manuel*, 349 So.2d 882 (La.1977); *State v. Forest*, 571 So.2d 893 (La.App. 5 Cir.1990), *writ denied*[,] 577 So.2d 13 (La.1991), under the provisions of La.R.S. 40:983, the final adjudication of defendant's guilt had not been decided, nor had a sentence been imposed, until the probation was revoked. Therefore, since the Motion for Appeal was timely filed, defendant's conviction and sentence are subject to review under ordinary appellate process.

*State v. Williams*, 614 So.2d 246, 248 (La.App. 3 Cir. 1993).

This court notes, however, the first circuit has recently found deferred sentences to be appealable by the State.

> The State filed a motion to reconsider the disposition, which the juvenile court denied. The State now appeals, arguing that the juvenile court erred in denying its motion. For the following reasons, we affirm the adjudication of delinquency and deferred disposition. The

5

juvenile's "Motion to Dismiss Appeal" and "Motion to Strike Factual Allegations Not in Record" are denied.[2]

_____

[2]The juvenile argues in his appellate brief and in the motion to dismiss appeal that this court does not have jurisdiction because the ruling contested by the State was not final at the time of the State's motion to appeal. The juvenile's deferred disposition was entered pursuant to La. Child. Code art. 896A. Comment (a) to Article 896A states, in pertinent part, "The concept of Paragraph A is recognized for convicted adults in Code of Criminal Procedure Article 893." Article 893 considers the suspended sentence to be final and allows for appeal. *See* La. Code Crim. P. art. 893A. The Code of Criminal Procedure controls where procedures are not provided in the Louisiana Children's Code. *See* La. Ch. Code arts. 104(1) & 803. Accordingly, we find the appeal of the juvenile's deferred disposition to be properly before this court.

*State in Interest of D.K., Jr.*, 17-478, p. 2 (La.App. 1 Cir. 11/1/17), 233 So.3d 102, 103-04 n.2.

There is no information before this court suggesting Defendant's probation has been revoked or that the deferred sentence has been imposed. As the payment of restitution is a condition of probation and as Defendant's sentence will not become final unless Defendant has his probation revoked, the matter of restitution is not appealable at this point. However, Defendant-Appellant is hereby permitted to file a proper application for supervisory review, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty (30) days from the date of this decision. As this court construes the motion for appeal to be a timely-filed notice of intent to seek supervisory review, Defendant-Appellant is not required to file notice of his intent to seek review in order to conform with Uniform Rules—Courts of Appeal, Rule 4-2, and Defendant-Appellant is also not required to obtain any additional return date order in order to comply with Uniform Rules—Courts of Appeal, Rule 4-3.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**